[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11722

Non-Argument Calendar

_____

TARRESSE LEONARD,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-22670-RAR

_____

Before BRANCH, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

A jury found Tarresse Leonard guilty of possessing a firearm as a convicted felon. One of the primary links between Leonard and the weapon was a series of DNA tests. Three of the four tests showed a strong match between his DNA and samples found on the gun. The other test found that the sample contained too complex of a DNA mixture to allow for comparisons. The government did not enter the reports into evidence, and neither did Leonard's attorney. Now, Leonard argues that his attorney's failure to present these conflicting lab reports rendered his performance constitutionally deficient. Because reasonable strategies could have steered his attorney's decision to not present such incriminating evidence, we conclude that the district court did not abuse its discretion in declining to hold an evidentiary hearing on this claim.

## I.

Leonard was convicted and sentenced to twenty years in federal prison for possessing a firearm and ammunition as a convicted felon. At trial, the government connected him to a gun found at the house where he was arrested in part through DNA evidence. A DNA analyst who performed a comparison between three samples collected from the gun and a sample of Leonard's DNA testified that DNA found on the weapon matched Leonard's. By comparing "regions" on DNA—called "loci"—that "vary

amongst individuals," the analyst found strong similarities between the samples. To perform the test, the analyst determined how many loci matched out of a set of twenty-one loci. Although the mixture of multiple people's DNA found on the gun's trigger and front sight made comparison impossible, the expert testified that a ten out of twenty-one loci match connected Leonard's DNA to DNA picked up from swabbing the whole firearm.

The government had produced four lab reports based on these DNA tests, which the government gave to Leonard's counsel before trial. The first report found that the "complexity" of the "mixtures of DNA profiles" prevented any comparisons from being made. Two of the other reports found that a ten out of twenty-one loci match connected Leonard's DNA to a sample taken from swabbing the whole gun. And the third report found an even stronger twelve out of twenty-one loci match from the firearm swab. All reports concluded that the mixtures found on the trigger and sights were too complex for comparison. Leonard's attorney neither entered the reports into evidence nor questioned the government's expert about them. He instead cross examined the DNA expert about whether Leonard's DNA could have come into contact with the gun in some way other than him possessing it.

After his conviction, Leonard filed for habeas relief. He brought nine claims. The district court did not hold an evidentiary hearing before it denied all claims and denied a certificate of appealability. This Court granted a certificate of appealability on whether the district court erred in denying an evidentiary hearing

on Leonard's claim that his "counsel failed to introduce conflicting lab reports to challenge the government's DNA evidence showing that he possessed a gun."

## II.

"We review the district court's denial of an evidentiary hearing in a § 2255 proceeding for abuse of discretion." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).

## III.

Leonard argues that his lawyer's representation was constitutionally deficient because he failed to introduce the lab reports. He claims that this decision caused him prejudice because the conclusion of the first report—which found that the mixture of DNA in the samples was too complex to make a comparison—and the differing levels of confidence in the other reports would have created reasonable doubt in the jurors' minds. As a result, Leonard argues that the district court should have granted him an evidentiary hearing on his claim.

A district court must hold an evidentiary hearing on a habeas claim unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A claim of ineffective assistance of counsel has two prongs. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the attorney's performance must have been deficient. *Id.* Reasonable strategic decisions by an attorney do not constitute deficient performance, even if they end up not working out well for a defendant. *Id.* at 680–81, 690–91. When this Court "can

conceive of a reasonable motivation for counsel's actions," it "will deny a claim of ineffective assistance without an evidentiary hearing." *Gordon v. United States*, 518 F.3d 1291, 1302 (11th Cir. 2008). Second, the attorney's deficient performance had to cause prejudice to the defense. *Strickland*, 466 U.S. at 687.

The district court did not abuse its discretion in denying Leonard's petition without a hearing. His motion and the associated records show that his counsel did not perform deficiently. *See* 28 U.S.C. § 2255(b). Any of several strategies may have reasonably led Leonard's attorney to decline to introduce the lab reports. *See Gordon*, 518 F.3d at 1302. For one, three of the reports showed a match between Leonard's DNA and the DNA found on the gun, which would only have strengthened the government's case against Leonard. Certainly a "reasonable lawyer" could have elected not to present reports tying his client to an illicit weapon. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Because at least one reasonable strategy could have justified the attorney's decision, the district court did not err in denying an evidentiary hearing.[1] *Gordon*, 518 F.3d at 1302.

---

[1] The certificate of appealability extends only to whether the district court should have held an evidentiary hearing on Leonard's claim that his counsel performed deficiently by choosing not to present the conflicting reports. As a result, his remaining arguments—that his counsel should have challenged a supposed failure to follow FBI protocols, that the Sixth Amendment required that he be confronted by "a federal chemist" at trial, and that the district court resolved one of his other claims in a footnote—fall outside of the scope of our review. *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).

Leonard responds that the reports conflicted with each other, so failing to demonstrate this inconsistency was deficient. But that was not the case. The reports did not conflict. Two of them showed the same high confidence in connecting Leonard to the gun. As the government's expert testified, the similarities between Leonard's DNA and the DNA found on the weapon were so strong that there was only a 1 in 18.02 trillion chance of finding such similarities between unrelated people. Likewise, the first report did not exonerate Leonard or indicate that his DNA was absent; rather, it reflected only the analyst's inability to perform a DNA comparison on the complex mixture found in those samples.

Far from contradicting the expert's testimony or the other reports, the third report showed an even stronger match, one with only a 1 in 25.99 quadrillion chance of occurring with a random person's DNA. As a result, even if his attorney had acted deficiently in failing to present the reports, Leonard's ineffective assistance of counsel claim would fail on the second prong—prejudice. Three of the reports strongly corroborated the government's key evidence. Showing them to the jurors would hardly create "a reasonable probability" that they would have found Leonard not guilty as a result. *Strickland*, 466 U.S. at 694.

\*    \*    \*

Because Leonard's motion and the record show that his attorney did not perform deficiently, we **AFFIRM** the district court's denial of an evidentiary hearing and **DENY** Leonard's motion for leave to supplement.